```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA

SMITH                                      CIVIL ACTION

VERSUS                                     NO: 12-3057

DEPT. OF HEALTH AND HOSPITALS              SECTION: "J" (3)
STATE OF LOUISIANA, ET AL
```

### ORDER

Before the Court are three **Motions to Dismiss** filed by Defendant Lafourche ARC (Rec. Doc. 20), Defendants Louisiana Department of Health and Hospitals ("DHH") and South Central Louisiana Human Service Authority ("SCLHSA")(Rec. Doc. 22), and Defendant Easter Seals Louisiana, Inc. ("Easter Seals"). (Rec. Doc. 24) Defendants' motions, which were set for hearing on December 4, 2013, are before the Court on the briefs. Having considered the motions and memoranda of counsel, the record, and the applicable law, the Court finds that Defendants' motions should be **GRANTED** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL HISTORY

This matter arises from the DHH's decision to reduce Plaintiff Thomas Smith, Jr.'s number of hours of in-home care

that he received as a result of his participation in a Medicaid program entitled the "New Opportunities Waiver" program. Plaintiff appealed this decision to a state administrative law judge, and the DHH's decision was affirmed. In July 2012, Plaintiff filed suit against the DHH in the Seventeenth Judicial District Court for the Parish of Lafourche seeking review of the administrative law judge's ruling. (Rec. Doc. 22-1, Exh. A, p. 21) It appears that the state court proceeding is still pending.

On December 31, 2012, Plaintiff, through his tutrix Carolyn Smith, moved this Court for leave to proceed *in forma pauperis*. The motion was granted and Plaintiff filed his *pro se* Complaint on January 9, 2013; however, summons were withheld pending further order of the Court. In this Complaint, Plaintiff purported to "transfer" his pending state court action to this Court for review. Magistrate Judge Knowles construed this as an attempt to remove Plaintiff's own action and recommended that the action be remanded to state court. (Rec. Doc. 4) Plaintiff objected to the Magistrate Judge's Report and Recommendation and explained to the Court that he intended to file a separate action in this Court and erroneously believed that he was required to transfer his pending state court action. (Rec. Doc. 5) The Court sustained the objection, rejected Magistrate Judge Knowles' recommendation, and granted Plaintiff leave to file an amended

complaint, which he filed on March 1, 2013. (Rec. Docs. 6 & 7)

In August, Plaintiff filed a Motion for Emergency Permanent Restraining. (Rec. Doc. 8) Finding that Defendants in this matter had never been served with Plaintiff's Amended Complaint, the Court denied the motion without prejudice to re-file once Defendants had been served and given the opportunity to file responsive pleadings. (Rec. Doc. 11) Once Defendants had been served, they each filed the instant motions to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim. (Rec. Docs. 20, 22 & 24) After the Plaintiff failed to respond to Lafourche ARC's motion, which was set for hearing on November 6, 2013, the Court reset all three motions for hearing on December 4, 2013 and ordered Plaintiff to respond to the pending motions by November 26, 2013. (Rec. Doc. 25) Plaintiff filed identical oppositions to all three motions on November 19, 2013. (Rec. Docs. 26, 27, 28) DHH filed a reply memorandum on December 3, 2013. (Rec. Doc. 33)

## LEGAL STANDARD & DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th

Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a facial challenge to a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). United States v. City of New Orleans, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003); see also,13 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3522 (3d ed. 2008).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678. Although *pro se* plaintiffs are held to less stringent standards than those

represented by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

This Court previously granted Plaintiff leave to amend his complaint, recognizing that he intended to assert federal claims that reach beyond the issues pending in his action in state court. Upon review of Plaintiff's Amended Complaint, however, the Court finds that the Complaint only includes conclusory allegations and a general listing of federal statutes that are not connected to any specific facts and do not appear to state a cognizable claim. For example, Plaintiff refers to the Americans with Disabilities Act (42 U.S.C. § 12132) and the Rehabilitation Act (29 U.S.C. § 794), both of which prohibit discrimination on the basis of disability; however, Plaintiff's allegations that his benefits were reduced do not indicate that he was discriminated against in any way. Plaintiff further claims a violation of 42 U.S.C. §§ 1983 and 1985, which require proof that the defendants violated one of Plaintiff's federal statutory or constitutional rights. See Webster v. City of Houston, 735 F.2d 838, 844 (5th Cir. 1984). Plaintiff's allegations do not,

however, state a plausible claim for any such violations.[1]

Further, it is clear from the allegations that Plaintiff seeks to litigate the same issues regarding his reduction in services that he appealed in state court. The Court does not have jurisdiction to hear these claims because, under Louisiana Revised Statute § 46:107, such claims for review of an administrative decision must be filed "in the Nineteenth Judicial District Court or the district court of the domicile of the applicant or recipient." La. Rev. Stat. Ann. § 46:107. Thus, Plaintiff must continue to pursue his claim in the Seventeenth Judicial District Court, which is the district court located in Plaintiff's domicile.

Accordingly,

Lafourche ARC, DHH and SCLHSA, and Easter Seals' **Motions to Dismiss (Rec. Docs. 20, 22, 24)** are **GRANTED**.

**IT IS ORDERED** that the above-captioned action is **DISMISSED WITH PREJUDICE**.

---

[1] Plaintiff cites to other provisions, such as 28 U.S.C. § 517 (allowing the United States to intervene in pending actions involving an interest of the United States); 18 U.S.C. § 3006 (rule of criminal procedure relating to the appointment of counsel for one accused of a crime); 28 U.S.C. § 2679 (provision entitled "exclusiveness of remedy" relating to tort claims against the United States); 42 U.S.C. § 1981 (granting the right to make and enforce contracts); Article 1 of Section 10 (origin unknown); Retroactive Law; Grandfather Clause; and the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. These provisions either do not exist, are not sufficiently described, or do not have a connection with the alleged facts; therefore, these provisions are not sufficient to state a federal claim.

**IT IS FURTHER ORDERED** that Plaintiff's recently filed **Motion for Trial by Jury (Rec. Doc. 34)** and **Motion to Appoint Counsel (Rec. Doc. 35**) are **DENIED AS MOOT.**

New Orleans, Louisiana this 16th day of December, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE