UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SMITH | CIVIL ACTION |
| VERSUS | NO: 12-3057 |
| DEPARTMENT OF HEALTH AND HOSPITALS STATE OF LOUISIANA ET AL. | SECTION: "J" (3) |

### ORDER AND REASONS

Before the Court is a **Motion for Emergency Expedited Injunction Relief Pending Appeal (Rec. Doc. 48)** filed by Carolyn Smith in her role as tutrix for Plaintiff Thomas J. Smith and oppositions filed by Defendants the Louisiana Department of Health and Hospitals (Department of Health and Hospitals), South Central Louisiana Human Services Authority (South Central), and Eastern Seals Louisiana, Inc. (Eastern Seals). (Rec. Docs. 51, 52) Having considered the motion and memoranda of counsel and the applicable law, the Court finds that the motion should be **DENIED** for the reasons set forth more fully below.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This action arises from Plaintiff's claims against four government entities, whom he alleges violated his federal

1

statutory and constitutional rights by reducing his weekly in-home care hours. (Rec. Doc. 48) In 2012, Plaintiff brought suit in the Seventeenth Judicial District for the Parish of Lafourche against the Department of Health and Hospitals, South Central, Eastern Seals, and Lafourche Arch, seeking review of a state administrative law judge's decision to affirm the decision to reduce Plaintiff's weekly in-home care. (Rec. Doc. 22-1, Exh. A, p. 21)

Thereafter, Plaintiff filed a motion for leave to proceed *in forma pauperis*. This Court granted Plaintiff's request to proceed *in forma pauperis*, and Plaintiff filed a *pro se* Complaint with this Court on January 9, 2013. (Rec. Docs. 1-3) In his Complaint, Plaintiff claimed to "transfer" his pending state court action to this Court for review. (Rec. Doc. 1, p. 1) Magistrate Judge Knowles considered the Complaint to be an attempt to remove Plaintiff's own action and issued a Report and Recommendation recommending that the action was remanded to state court. (Rec. Doc. 4)

On February 13, 2013, Plaintiff objected to Magistrate Judge's Report and Recommendation. Plaintiff informed this Court that he had erroneously believed that it was necessary to transfer his pending state court action to this Court in order to

commence an action here asserting federal causes of action. (Rec. Doc. 5) He explained his intention to file a separate action in this Court. Id. This Court sustained Plaintiff's objection, rejected Magistrate Judge Knowles' recommendation, and granted Plaintiff leave to file an amended complaint asserting the federal causes of action. (Rec. Doc. 6) Plaintiff filed an Amended Complaint on March 1, 2013. (Rec. Doc. 7)

On August 5, 2013, Plaintiff filed a Motion for Permanent Restraining Order. (Rec. Doc. 8) This Court denied Plaintiff's Motion, finding that Defendants were at no time served with Plaintiff's Amended Complaint. (Rec. Doc. 11) The Motion was denied without prejudice to re-file after Defendants were served and afforded the opportunity to submit responsive pleadings. Id.

Upon receiving service of the Amended Complaint, each Defendant filed motions to dismiss Plaintiff's Amended Complaint for Plaintiff's failure to state a claim and for lack of subject matter jurisdiction. (Rec. Docs. 20, 22 & 24). This Court rendered Judgment dismissing Plaintiff's Amended Complaint with prejudice on December 16, 2013. (Rec. Docs. 36, 37). Plaintiff appealed. (Rec. Doc. 38)

Plaintiff filed the instant Motion for Emergency Expedited Injunction Relief Pending Appeal with this Court on July 31,

2014. (Rec. Doc. 48) On August 8, 2014, the United States Court of Appeals for the Fifth Circuit affirmed the decision of the District Court to dismiss Plaintiff's Amended Complaint. <u>Smith ex rel. Smith v. Dep't of Health & Hosps. of La.</u>, No. 13-31305, 2014 WL 3888239 (5th Cir. Aug. 8, 2014); (Rec. Doc. 55).

On August 19, 2014, Defendants the Department of Health and Hospitals and South Central filed an Opposition to Plaintiff's Motion for Emergency Expedited Injunction Relief Pending Appeal. (Rec. Doc. 51) Eastern Seals likewise filed an Opposition on August 19, 2014. (Rec. Doc. 52) On August 26, 2014, Plaintiff requested leave to file replies to both oppositions. (Rec. Docs. 53-54)

**PARTIES' ARGUMENTS**

Plaintiff alleges that Defendants' "misconduct" prevents him from fully litigating his appeal. (Rec. Doc. 48, p. 1-2) Specifically, Plaintiff argues that Defendants have intimidated, harassed, and filed false allegations against him, causing him "irreparable harm." <u>Id.</u> Plaintiff seeks an injunction against this behavior and, additionally, asks this Court to reinstate his medical services pending the appeal of this Court's dismissal of his complaint. (Rec. Docs. 36-37, 48)

The Department of Health and Hospitals and South Central

urge this Court to deny Plaintiff's Motion for Emergency Injunction Pending Appeal for three reasons. First, the opposition asserts that Plaintiff's motion is procedurally deficient for being vague and overly broad and for addressing issues unrelated to the instant case. Moreover, Plaintiff's motion is moot because there is no longer an appeal pending before the Fifth Circuit, and the Fifth Circuit has affirmed the District Court's decision to dismiss Plaintiff's complaint. Additionally, Plaintiff's claim regarding "misconduct" by Defendants, which Defendants believe is related to their random health and wellness checks, is moot because Defendants have already conducted the visit and such conduct cannot prevent Plaintiff from litigating the appeal when the appeal is no longer pending. Finally, Plaintiff's motion fails to show that his claim meets the requirements of a temporary injunction. Accordingly, the Department of Health and Hospitals and South Central ask this Court to deny Plaintiff's motion.

Eastern Seals likewise urges this Court to deny Plaintiff's Motion for Emergency Injunction Pending Appeal. Eastern Seals stresses that Plaintiff's motion seeking an injunction pending his appeal is now moot. Specifically, Eastern Seals asserts that Plaintiff's request for injunctive relief is moot because it is

no longer possible for this Court to grant Plaintiff the relief he seeks. Accordingly, Eastern Seals asks this Court to deny Plaintiff's motion.

**LEGAL STANDARD & DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 65(b)(1), a temporary restraining order or preliminary injunction may only be granted if the movant establishes the following four factors:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest.

Allied Mktg. Grp., Inc. v. CDL Mktg., Inc., 878 F.2d 806, 809 (5th Cir. 1989)(citations omitted).

Because a temporary restraining order or preliminary injunction is an "extraordinary remedy," the moving party carries the heavy burden of proving all four factors. See Mississippi Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 622 (5th Cir. 1985).

Here, Plaintiff seeks a temporary injunction 1) preventing alleged harassment by Defendants so that he may focus on his appeal and 2) reinstating his medical services pending appeal.

6

Plaintiff does not mention the four factors that must be proven before a court may grant injunctive relief, nor do Plaintiff's allegations reveal them to be true. See (Rec. Doc. 48) Plaintiff has failed to carry his burden of proof. Additionally, since Plaintiff filed his motion for an injunction pending appeal, the United States Court of Appeals for the Fifth Circuit has affirmed this Court's dismissal of Plaintiff's suit, which included a request for permanent injunctive relief. This Court cannot grant injunctive relief pending appeal when an appeal is not pending; Plaintiff's motion is now moot. See <u>DeSimone v. Linford</u>, 494 F.2d 1186, 1187 (5th Cir. 1974)(per curiam)(holding moot plaintiff's appeal of a district court's denial of injunctive relief pending resolution of plaintiff's administrative appeal when the administrative appeal was affirmed during the pendency of the appeal from the district court's denial).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Emergency Expedited Injunction Relief Pending Appeal* **(Rec Doc. 48)** is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motions for Leave to File a Reply* **(Rec. Docs. 53, 54)** are **DENIED.**

New Orleans, Louisiana this 12th day of September, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT